IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIPHAE COLEMAN                                                               PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:16cv400-FKB

LT. FRANKS, et al.                                                              DEFENDANTS

# ORDER

Philiphae Coleman, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force by prison officials. Presently before the Court is Defendants' motion for summary judgment. Coleman has not responded to the motion. Having considered the motion and the competent summary judgment evidence, the Court concludes that the motion should be denied.

Coleman's allegations, as set forth in his sworn complaint and as testified to by him at the *Spears* hearing, are as follows. On March 15, 2016, Defendants Albert Dessele and Dorothy Franks were escorting Coleman from the medical clinic back to his cell. On the way, Coleman began to complain to Lt. Franks that the nurse in the clinic had fabricated his blood pressure reading by saying that his blood pressure was down, when in fact, according to Coleman, his blood pressure was very high. He also claimed that the nurse had used a manual blood pressure cuff so that no one else could dispute her reading. Lt. Franks called the clinic and spoke with the nurse. Lt. Franks then requested that Defendants Anthwon Jackson, Hosea Hollis, and Stephen Bailey assist with the escort. When the officers arrived with Coleman at the cell, Officer Dessele removed Coleman's leg restraints and then, without provocation, hit Coleman on the right forehead with a closed fist. Officers Jackson and Bailey rushed at Coleman and

took him down to the bed, after which Officer Bailey repeatedly punched him and Officer Jackson repeatedly "stomped" him. The officers also choked and kicked Coleman and slammed him to the floor. When the officers eventually stopped the attack, Coleman swung his waist chains and struck Officer Jackson with them. As a result, Officer Jackson, Bailey and Dessele rushed him and placed him on the bed again. One of the officers then "stomped" Coleman again. Officer Hollies and Lt. Franks were both present throughout the assaults. When the officers eventually tried to leave the cell and secure it, Coleman forced his way through the door and ran away from the cell. The officers overtook him, took him down, and carried him downstairs where they attempted to place him in a restraint chair. Coleman resisted this attempt by "bucking." Following the incident, Coleman was taken to the medical clinic for examination and was then placed on suicide watch. Coleman testified that as a result of the use of force, he sustained cuts on his wrists, bruises on his chest, a headache, and increased blood pressure.

Defendants argue that they are entitled to qualified immunity because there is no genuine factual issue as to whether they violated Coleman's clearly established constitutional rights. In their motion, Defendants have submitted documents which they claim establish that the initial use of force against Plaintiff was provoked by him and that all force used against Plaintiff was reasonable and for the purpose of subduing him and maintaining order.

The Court concludes that Plaintiff's sworn version of the events is sufficient to create factual issues as to the reason for the initial use of force and the reasonableness

2

of the force used against Plaintiff.  Accordingly, Defendants' motion for summary judgment is hereby denied.  A trial date will be set by separate order.

So ordered, this the 24th day of January, 2018.

s/ F. Keith Ball
United States Magistrate Judge
