IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIPHAE COLEMAN                                             PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:16cv400-FKB

LT. FRANKS, et al.                                           DEFENDANTS

## MEMORANDUM OPINION

Philiphae Coleman, a state prisoner, brought this action pursuant to 42 U.S.C., §
1983 against four correctional officers at Central Mississippi Correctional Facility: Lt.
Dorothy Franks, Officer Anthwon Jackson, Officer Stephen Bailey, Officer Albert
Dessele, and Officer Hosea Hollis. The matter was tried to the Court on March 28,
2018. Having considered the evidence presented at trial and the arguments of the
parties, the Court makes the following findings of fact and conclusions of law.

The incident at the center of this lawsuit occurred on March 14, 2016. On that
day, Coleman had been to the medical clinic for a blood pressure check and was being
escorted back to his cell by Lt. Franks and Officer Dessele. During the escort, Coleman
exhibited signs of anger and agitation and complained that the clinic nurse had falsified
his blood pressure reading. In response to Coleman's demeanor, Lt. Franks made a
request for additional officers to meet them at the cell. Officers Jackson, Bailey, and
Hollis responded to Lt. Franks's request and met Lt. Franks, Officer Dessele, and
Coleman at Coleman's cell. Officer Hollis began unlocking Coleman's waist chains.
What occurred next is disputed. Ultimately, force was used against Coleman by Officers
Jackson, Bailey, Dessele, and Hollis, and Coleman was retrained. Immediately

thereafter, in accordance with prison protocol, Coleman and all of the officers except Lt. Franks were examined in the clinic, where body sheets were prepared for each of them.

Coleman alleges that the use of force was unprovoked and that the amount of force used against him was excessive, in violation of the Eighth Amendment.  He testified that while Officer Hollis was removing the restraints, Officer Dessele punched him in the face without any provocation, causing him to fall back on his bed, and that Officers Dessele, Jackson, and Bailey then repeatedly punched, kicked and stomped him in the head, chest and sides.  According to Coleman, after the officers assaulted him, he swung his waist chains at Officer Jackson, hitting him on the hand.  Coleman stated that the officers then rushed at him again and resumed beating him.  Coleman's testimony was that when the officers stopped the second beating, they ran out of the cell and that Coleman blocked the door open to prevent the officers from locking him in the cell.   Coleman stated that Dessele then attempted to place him in a restraint chair until Officer Hollis directed him to discontinue the effort.  When questioned on the stand concerning medical treatment following the incident, Coleman testified that he neither received nor needed any treatment for injuries.  Also of note is the fact that Coleman stated in his testimony that he had an institutional history of fighting with correctional officers.

All of the defendants testified at the trial, and their testimony was generally consistent.   Their version of the events was as follows:  During the escort, Coleman was hostile and upset because of the perceived falsification of his blood pressure in the clinic.  Initially he refused to go inside the cell.   For this reason, the officers went in the

cell with him to remove his restraints, rather than following the established procedure of locking him in the cell first and then unlocking the restraints by reaching through the slot.  When Hollis unlocked the restraints, Coleman "head-butted" Officer Dessele and swung his chains at him.  Officers  Dessele, Jackson, and Bailey then took Coleman down in an attempt to subdue him.   Although Hollis had not yet re-locked the restraints, he indicated to the other officers that he had control over Coleman because he had grasped the chains with his hands.  The other officers then released their hold on Coleman.  At this point, Coleman pulled away from Hollis, began swinging his chains again,  and ran out of the cell.  The officers then took Coleman down outside the door of the cell, this time re-locking the restraints.  According to Officer Hollis, Coleman continued to resist while they escorted him to the medical clinic.  All of the officers denied that Coleman was ever hit, kicked, or struck in any way.

Admitted into evidence as P-2 were the body sheets for Coleman and the officers.  Coleman's sheet indicates that he had redness of the wrists and the right jaw and scratches on his right temple and near his left eye.

An investigation into the incident by Deputy Warden James Fillyaw resulted in a Rules Violation Report (RVR) for Coleman and written reprimands for Officers Dessele, Hollis, Bailey, and Johnson.  A copy of the RVR was admitted into evidence as Exhibit D-1.  The RVR charged Coleman with resisting the officers while they were attempting to restrain him.  The document was signed by Coleman and states that he admitted guilt.  The reprimands of the officers, admitted into evidence as components of Exhibit P-1, charged each with violating the rule requiring that maximum security offenders be

restrained prior to exiting their cells and that the restraints not be removed until the offender is secured in his cell.  In his report, also admitted as a part of Exhibit P-1, the deputy warden determined that the use of force against Coleman could have been avoided had these procedures been followed.

Having considered all of the evidence, the Court finds that Coleman's version of the events, specifically, his claim that Officer Dessele struck him without provocation and that Officers Dessele, Jackson, and Bailey repeatedly struck, kicked, and stomped him is not credible.  Coleman's description of the nature and amount of force allegedly used against him is wholly inconsistent with both the records and with his own testimony that he neither received nor needed any medical treatment following the incident.  On the other hand, the testimony of the officers was credible and consistent.  That testimony established that Coleman was angry and aggressive and that he initiated the incident by resisting the officers' attempt to keep him in his cell and by assaulting Officer Dessele.  In response, the officers used the minimum amount of force necessary to restrain Coleman.

For these reasons, the Court finds that Defendants did not violate the Eight Amendment's prohibition on the use of excessive force.  Plaintiff's claim will be dismissed.  A separate judgment will be entered.

So ordered, this the 17th day of  April, 2018.

s/ F. Keith Ball
United States Magistrate Judge
